STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

ENDORSED
FILED IN MY OFFICE THIS
JUL 12 2011

*Gregory M. Quan*
CLERK DISTRICT COURT

GENARO CANO,

    Plaintiff,

vs.

NEVADA GENERAL INSURANCE
COMPANY, a foreign corporation,

    Defendant.

CAUSE NO. _____

CV 2011 0 6 9 3 7

MONICA BACA

## COMPLAINT FOR DECLARATORY JUDGMENT AND FOR DAMAGES FOR INSURANCE BAD FAITH

COMES NOW Plaintiff, GENARO CANO, by and through his attorneys Hinkle Law Offices, P.C., (Cloyd G. Hinkle and Cynthia A. Braun) and for his cause of action states:

### GENERAL ALLEGATIONS

1. Plaintiff Genaro Cano is a resident of the County of Bernalillo, City of Albuquerque, State of New Mexico.

2. Defendant Nevada General Insurance Company (hereafter, "Nevada General") is a foreign insurance company licensed to do business in the State of New Mexico.

3. This action is brought pursuant to the provisions of the Declaratory Judgment Act, NMSA §§44-6-1, et seq., the Unfair Trade Practices Act, NMSA §§57-12-1, et seq., and the Trade Practices and Frauds Act of the Insurance Code, NMSA §§5-12-1, et seq., and under New Mexico common law.

4. This Court has jurisdiction over the parties and the subject matter of this action and venue is proper in this Court.

5. Nevada General issued a policy of automobile insurance coverage to the Plaintiff Genaro E. Cano and his wife, Ciprianita B. Cano, as Named Insureds, which was in effect from 10/01/2010 to 10/31/2010. [Declarations Page for Policy No. 02101 186, attached herewith as

1

Exhibit "A", and hereinafter referred to as "the Policy").

6. Under the Policy, the Bodily Injury Liability Limits were $25,000 Each Person and $50,000 Each Accident, with coverage on three vehicles: (1) 2006 Chevrolet; (2) 1992 Ford; and (3) 1998 Harley Davidson Motorcycle.

7. On or about October 12, 2010, Plaintiff was driving his 1998 Harley-Davidson motorcycle eastbound on Central Avenue in Albuquerque, when another driver, Ericka Maldonado, pulled out in front of him, resulting in a collision.

8. As a direct result of the negligence of the adverse driver, Ms. Maldonado, the Plaintiff suffered a broken arm and other injuries and damages, has incurred medical expenses, and property damages to his motorcycle.

9. The at-fault driver, Ms. Maldonado, was not insured at the time of the collision.

10. In October of 2010, Plaintiff, by counsel, wrote to Nevada General, giving notice of Plaintiff's uninsured motorist ("UM") claim arising from the auto accident.

11. Nevada General denied the UM claim, based upon a one-page document -- produced by Nevada General in response to Plaintiff's letter -- which purports to reject UM benefits and apparently was part of the insurance application. ["New Auto Insurance Application - Page 2 of 15 - attached as Exhibit "B"].

12. Following publication of the Supreme Court's decision in the consolidated cases reported as Jordan v. Allstate Ins. Co., 2010-NMSC-051, 149 N.M. 162, 245 P.3d 1214 (consolidated with Romero v. Progressive Northwestern Ins. Co., No. 32,065 and Lucero v. Trujillo, No. 32,203), Plaintiff again wrote to Nevada General, demanding reformation of the insurance policy to provide UM benefits for the accident of October 12, 2010.

13. Plaintiff pointed out that the UM rejection contained in the policy application did not meet the requirements for proper rejections under recent Supreme Court decisions, including Jordan v. Allstate, supra, and Marckstadt v. Lockheed Martin Corp., 2010-NMSC-001, such that the policy must be reformed to provide UM coverage up to the same limits as the

liability coverage on the vehicles insured under the Policy.

14. On or about June 8, 2011, Nevada General Claims Representative Donata Allen wrote to Plaintiff's counsel, refusing to apply New Mexico case law to the UM rejection at issue and refusing to honor Plaintiff's demand for UM benefits under the Policy.

## COUNT I

### DECLARATORY ACTION

15. Plaintiff realleges paragraphs 1 through 14 of this Complaint and incorporates same by reference herein.

16. An actual controversy exists between the parties to this action and a declaratory judgment would resolve the uncertainty or controversy giving rise to these proceedings; the parties disagree on whether UM coverage exists for the claims made by the Plaintiff.

17. Plaintiff is entitled to recover her attorney's fees and costs in pursuing this action.

WHEREFORE Plaintiff prays for a Declaratory Judgment in his favor, finding that under the New Mexico law, uninsured motorists coverage exists for the Plaintiff under the Policy issued, and for his costs and reasonable attorney's fees incurred herein.

## COUNT II
### INSURANCE BAD FAITH

18. Plaintiff realleges paragraphs 1 through 17 above and incorporates same by reference herein.

19. The purported UM rejection produced by Nevada General fails to satisfy the requirements set forth by the New Mexico Supreme Court for valid rejection of UM coverage, including but not limited to the following:

    a. <u>The rejection was in the application, but not made a part of the policy delivered to the insured.</u> Under New Mexico law, a valid rejection must be in writing and "endorsed, attached, stamped or otherwise made a part of the policy of bodily injury and property damage insurance." <u>Jordan v. Allstate</u>, 2010-NMSC-051, ¶18, citing §65-5-301 NMSA 1978 and 13.12.3.9 NMAC. "Once an insurer has obtained a written, objective

       manifestation of the insured's decision to reject, that rejection must be incorporated into the policy in a way that will 'clearly and unambiguously call to the attention of the insured the fact that such coverage has been waived.'" Id., citing Romero v. Dairyland, 111 N.M. at 156, 803 P.2d at 244. The rejection must "be made a part of the policy delivered to the insured. . . to ensure that the insured has affirmative evidence of the extent of coverage" and allows him to "reconsider his or her rejection after 'further reflection, consultation with other individuals, or after merely having an opportunity to review one's policy at home.'"Id.

    b.    Nevada General did not provide "a menu of coverage options and corresponding premium costs to enable the Plaintiff "to make an informed decision about the level of UM/UIM coverage he or she wants to purchase and can afford." Jordan v. Allstate, 2010-NMSC-051, ¶21.

20.    Instead of reforming the Policy in compliance with New Mexico law, Nevada General has failed and refused to follow this State's law, has failed and refused to honor its obligations under the Policy, has rejected Plaintiff's claim for UM benefits, and has acted against the Plaintiff in an oppressive and unfair manner, putting its own interests ahead of the interests of its insured, and requiring him to file this lawsuit seeking a determination of coverage.

21.    As a result of the above-described bad faith of Defendant, Plaintiff has incurred attorney's fees and costs and has suffered emotional distress.

22.    Defendant's bad faith denial of coverage was committed willfully, wantonly and in blatant disregard for the law of the State of New Mexico and the rights of the Plaintiff, entitling Plaintiff to punitive damages in a sum sufficient to deter such actions in the future.

WHEREFORE Plaintiff requests judgment be entered against Defendant for all damages and losses incurred as a result of the loss complained of, Plaintiff's emotional distress and mental anguish, plus punitive damages in an amount sufficient to punish Defendant and to insure that Defendant will refrain from the above-described conduct in the future, and attorney's fees and costs incurred herein, plus pre-judgment interest and such other relief as the Court deems just.

Respectfully submitted,

HINKLE LAW OFFICES, P.C.

*Cynthia Braun*
Cloyd G. Hinkle
Cynthia A. Braun
3939 San Pedro NE, Bldg. A
Albuquerque, NM 87110
(505) 883-4357

Attorneys for Plaintiff

# POLICY REINSTATEMENT
## NEVADA GENERAL INSURANCE CO.

**NEVADA GENERAL INSURANCE CO.**

Your policy and endorsements, if any, issued to you and terminated by this company, are hereby reinstated on the date and time shown. There is no coverage provided by this policy for any losses occuring between the termination date and the effective date of this reinstatement.

Named Insured:

CIPRIANITA B CANO
GENARO E CANO
7423 SANTIAGO RD SW
ALBUQUERQUE, NM 87105

Policy Number: 02101186

Agent: 48

AUTO INSURANCE AMERICA
Isleta Office
2711 Isleta Blvd. S.W.
Albuquerque, NM 87105

**Policy Period: From 10/01/10 01:22 PM to Midnight 10/31/10 Pacific time.**

| Coverages | Limits/Deductibles | Vehicle: 2006 CHEVROLET | 1992 FORD | 1998 HARL | | | |
|---|---|---|---|---|---|---|---|
| Bodily Injury Liability | $25,000 Each Person $50,000 Each Accident | $26 | $26 | $10 | | | |
| Property Damage Liability | $10,000 Each Accident | $14 | $18 | $3 | | | |
| Uninsured Motorist Bodily Injury | | Rejected◆ | Rejected◆ | Rejected◆ | | | |
| Uninsured Motorist Property Damage | | Rejected◆ | Rejected◆ | Rejected◆ | | | |
| Physical Damage | Actual Cash Value less $500 deductible | $75 | | | | | |
| | Total Premium Per Vehicle: | $115 | $44 | $13 | | | |

| | | |
|---|---|---|
| | Vehicle Total | $172.00 |
| | * Policy Reinstatement Fee | $10.00 |
| | Policy Total | $182.00 |

* Policy and SR-22 Filing Fees are fully earned and non-refundable.

**Vehicle Description / Identification**
1. 2006 CHEVROLET IMPALA    2G1WU581369349492
2. 1992 FORD F150    1FTEF14N5NLA21271
3. 1998 HARLEY DAVI ALL OTHER    1HD1FHR14WY614619

**Vehicle Lienholders** (See lienholder provisions on reverse)
1. RIO GRANDE CREDIT UNION PO BOX 691968, SAN ANTONIO, TX 78269
3. RIO GRANDE CREDIT UNION PO BOX 691968, SAN ANTONIO, TX 78269

**Excluded Drivers**
*NICOLE CANO

YOU HAVE REJECTED UNINSURED/UNDERINSURED MOTORIST COVERAGE, AN IMPORTANT COVERAGE WHICH PROTECTS YOU AND YOUR FAMILY MEMBERS FROM BODILY INJURY CAUSED BY AN UNINSURED OR UNDERINSURED MOTORIST. YOU HAVE THE RIGHT TO PURCHASE THIS IMPORTANT COVERAGE.

YOU HAVE THE RIGHT TO PURCHASE UP TO $10,000 UNINSURED MOTORIST PROPERTY DAMAGE COVERAGE.

PLEASE CONTACT YOUR AGENT TO ADD THESE COVERAGES.

◆ UNINSURED AND UNDERINSURED MOTORIST COVERAGES REJECTED BY INSURED

**Endorsements Which Apply:** *DR-1

Countersigned: 10/04/10, Las Vegas, NV

- Insured -

BY *Robert B. Yeldman*
AUTHORIZED REPRESENTATIVE

EXHIBIT "A"

P00003-07-01

## REJECTION OR LIMITATION OF IMPORTANT INSURANCE PROTECTION - AUTOMOBILE

**Uninsured and Underinsured Motorist Coverage**
Uninsured and Underinsured Motorist Coverage pays you, your family members and passengers in your car, for certain medical expenses, wage loss, pain and suffering, and benefits described in your policy, for physical bodily injury or death caused by direct contact in an automobile accident with an at-fault uninsured or underinsured motorist. By New Mexico law, we must include this coverage in your policy, in the same limits as your bodily injury liability coverage, unless you reject or limit this coverage in writing.

**"Stacked" Uninsured and Underinsured Motorist Coverage**
"Stacked" Uninsured and Underinsured Motorist Coverage are coverages we offer for an additional premium which may increase your limits of uninsured/underinsured motorist coverage substantially. If you pay us uninsured/underinsured motorist premiums for multiple vehicles, and are struck by an at-fault uninsured or underinsured motorist, "stacked" coverage may provide double, triple, or higher limits of coverage, according to the formula and provisions in your policy.

**Uninsured Motorist Property Damage Coverage**
Uninsured Motorist Property Damage Coverage pays for property damage caused by an uninsured or unknown motorist including damage to your vehicle(s) insured by this policy. By New Mexico law we must include this coverage in your policy unless you reject this coverage in writing.

### Please Read Carefully Before Signing This Form

YOUR ARE REJECTING OR LIMITING IMPORTANT COVERAGE(S) (CHECKED BELOW) WHICH PROTECT YOU, YOUR FAMILY, AND PASSENGERS IN YOUR VEHICLES, FOR BODILY INJURY OR DEATH ARISING FROM AN AUTO ACCIDENT.

[X] I reject all uninsured and underinsured motorist coverage, in exchange for a lower premium.

[X] I reject uninsured motorist property damage coverage in exchange for a lower premium.

THESE IMPORTANT COVERAGES HAVE BEEN THOROUGHLY EXPLAINED AND OFFERED TO ME. MY AGENT AND INSURER RECOMMEND THAT I PURCHASE THESE COVERAGES WHICH I HAVE ELECTED TO REJECT OR LIMIT. I AGREE THAT THESE REJECTIONS OR LIMITATIONS APPLY TO ALL ADDITIONAL OR REPLACEMENT VEHICLES, OR POLICIES.

7-2-10
(DATE)                          (APPLICANT'S SIGNATURE - PARENT IF UNDER 18)

## DRIVER EXCLUSION - PLEASE READ CAREFULLY BEFORE SIGNING
(You are agreeing to the restrictions checked below.)

**PERSON(S) EXCLUDED FROM OPERATING YOUR INSURED CAR(S) - ENDORSEMENT DR-1**

[X] I agree that the person(s) named below shall not be permitted, under any circumstance, to operate my insured car(s), and I am fully responsible for all damage caused by an excluded person(s).

| Driver | Relationship | Social Security # |
|---|---|---|
| CANO, NICOLE | Child of Policyholder | Not On File |

IN CONSIDERATION OF THE PREMIUM AT WHICH THIS POLICY IS WRITTEN, I AGREE THAT THE ENDORSEMENT(S) CHECKED ABOVE APPLIES TO ALL PERSONS EXCLUDED FROM COVERAGE. I FURTHER AGREE THAT SHOULD MY INSURER BE REQUIRED TO MAKE PAYMENT UNDER ANY LAW OR OBLIGATION TO A LEINHOLDER FOR DAMAGES INCURRED WHILE ANY VEHICLE IS DRIVEN OR IN THE CONTROL OF AN EXCLUDED PERSON, I SHALL REIMBURSE MY INSURER FOR ALL PAYMENTS AND RELATED EXPENSE.

7-2-10
(DATE)                          (APPLICANT'S SIGNATURE - PARENT IF UNDER 18)

EXHIBIT "B"